PETER H. WALSH, Appellant, *v.* JOHN E. WALSH et al., Respondent.

(Argued November 28, 1882 ; decided December 12, 1882.)

*Samuel Hand* for appellant.

*George A. Black* for respondents.

Agree to affirm.   No opinion.
All concur, except TRACY, J., absent.
Order affirmed.

———

THE IRVING NATIONAL BANK OF NEW YORK, Appellant, *v.* JAY L. ADAMS, Respondent.

(Argued November 28, 1882 ; decided December 12, 1882.)

THIS was an appeal from an order of General Term, affirming an order of Special Term, which vacated an attachment herein.   The application to vacate was made by an assignee in bankruptcy of defendant.

The opinion is given in full.

" The only answer suggested to the motion to vacate the attachment was the pending of a prior proceeding in bankruptcy in the District Court of Louisiana, which it is claimed rendered the subsequent proceeding in the District Court of New Jersey void.   But the facts presented on the motion failed to establish that the court in Louisiana acquired jurisdiction over the defendant Adams, or that any valid adjudication was made against him individually, or as a member of the firm of John I. Adams & Co.   The plaintiff moreover proved its debt in the New Jersey proceedings, and in other ways recognized their validity after notice of the proceedings in Louisiana.

" This may not conclude the plaintiff of the point of jurisdiction, but it strengthens the inference arising from the other

facts disclosed on the motion, that the defendant was not a party to those proceedings.

"The order should be affirmed."

*G. A. Seixas* for appellant.

*Charles M. Marsh* for respondent.

ANDREWS, Ch. J., reads for affirmance.
All concur, except TRACY, J., absent.
Judgment affirmed.

---

EMMA J. MASON, Appellant, *v.* LYDIA C. LIBBEY, Respondent.

Where the contents of an instrument alleged to have been destroyed are sought to be proved by oral evidence it is for the court to determine whether the evidence establishes the destruction, and whether, if established, the destruction was not intended to injure the opposite party or to create an excuse for its non-production.

(Argued November 20, 1882; decided December 15, 1882.)

THIS action was brought to have a trust declared in favor of ·plaintiff in certain real estate, the title of which was in defendant.

The principal question was as to the fact whether the premises were held in trust. As to this the court held that the evidence justified the findings of the referee.

Plaintiff attempted to prove by her husband on the trial the contents of a certain letter alleged to have been destroyed. What occurred on the trial and the holding in reference thereto appear in the following extract from the opinion.

" He (the husband) testified to an acquaintance with the defendant, commencing in 1866 ; that he had conversations with her in 1866 and 1867, ' in reference to property,' and which, as detailed by him, were of the most general and unimportant character ; that he had correspondence with her ' continually.' ' I had, ' he says, ' one letter in two weeks,' and remembers re-